JS 44 (Rev. 03/24)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Junoh Kim

**DEFENDANTS**

City of Philadelphia, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Philadelphia__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert N. Braker, Esquire
1650 Market Street, 52nd floor, Philadelphia, PA 19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | [ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Plaintiff was catastrophically injured in a motor vehicle accident due to an improper police chase

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$100,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions)*:

JUDGE _____  DOCKET NUMBER _____

DATE  2/12/2026

SIGNATURE OF ATTORNEY OF RECORD
Robert N. Braker /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

#### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Philadelphia_____

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☒ 16. All Other Federal Question Cases. *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

#### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JUNOH KIM**
Apt. 204, Bldg. 608, Parkview,
248 Jeongjail-ro, Bundang-gu, Seongnam-si,
Gyeonggi-do, South Korea #13554

        *Plaintiff,*

   v.

**CITY OF PHILADELPHIA**
**c/o City Solicitor's Office**
1600 Arch Street
Philadelphia, Pennsylvania 19103

      And

**KASSAN CRUTCHFIELD**
3502 W Fairmount Avenue
Philadelphia, Pennsylvania 19104

      And

**UBER TECHNOLOGIES, INC. d/b/a**
**UBER**
1515 3rd Street
San Francisco, California 94158

      And

**PORTIER LLC**
1515 3rd Street
San Francisco, California 94103

      And

**JOHN DOE 1-5**

      And

**JOHN DOE 6**

      *Defendants.*

CIVIL ACTION NO.

COMPLAINT

JURY TRIAL DEMANDED

## CIVIL ACTION - COMPLAINT

Plaintiff, Junoh Kim, by and through his attorneys, Saltz Mongeluzzi Bendesky, alleges as follows:

## THE PARTIES

1.      Plaintiff, Junoh Kim, is an adult individual residing at Apt. 204, Bldg. 608, Parkview, 248 Jeongjail-ro, Bundang-gu, Seongnam-si, Gyeonggi-do, South Korea #13554.

2.      Defendant, City of Philadelphia, is a first-class city, municipality, political subdivision and/or government entity within the Commonwealth of Pennsylvania, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business located at City Hall, c/o City Solicitor's Office, 1600 Arch Street, Philadelphia, Pennsylvania 19103.

3.      Defendant, Kassan Crutchfield, is an adult individual residing at 3502 W Fairmount Avenue, Philadelphia, Pennsylvania 19104.

4.      Defendant, Uber Technologies, Inc. d/b/a Uber, is a corporation organized and existing under and by rights of the law of the State of Delaware, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business is located at 1515 3rd Street, San Francisco, California 94158.

5.      Defendant, Portier LLC, is a corporation organized and existing under and by rights of the law of the State of Delaware, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business is located at 1515 3rd Street, San Francisco, California 94158.

6.      Defendant, John Doe 1-5, is an unknown individual/individuals/estate and/or duly appointed Administrator of the Estate of the unknown Defendant Philadelphia Police Officers,

should said Defendant be deceased, who at all times mentioned herein, was an employee, agent, servant, workman, acting within the course and scope of their employment, for and on behalf of Defendant, City of Philadelphia, who was responsible for acknowledging, approving, initiating and/or conducting the vehicular pursuit of a stolen vehicle operated, possessed and/or controlled by Antoinne Patton which violently crashed with Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber, Portier LLC and John Doe 6's vehicle, in which Plaintiff, Junoh Kim, was a lawful and proper passenger, whom Plaintiff could not identify despite a reasonable search.

7.      At all times mentioned herein and material hereto, Defendant, City of Philadelphia, acted and/or failed to act, by and through their agents, ostensible agents, servants, workmen and/or employees, including Defendant, John Doe 1-5, who were then and there acting within the course and scope of their authority in the course of their relationship with Defendant and in furtherance of Defendant's pecuniary interests.

8.      At all times mentioned herein and material hereto, Defendant, City of Philadelphia, were vicariously or otherwise responsible for the negligent and tortious acts or omissions of its agents, ostensible agents, servants, workmen and/or employees, including Defendant, John Doe 1-5.

9.      Defendant, John Doe 6, is an unknown individual/individuals/estate and/or duly appointed Administrator of the Defendant, Kassan Crutchfield's Estate, should said Defendant be deceased, who was controlling, possessing and/or operating Defendant's vehicle and/or Defendant's employer at the time of the accident and/or responsible for Defendant's vehicle at the time of the accident referenced herein, whom Plaintiff could not identify despite a reasonable search.

10.     At all times mentioned herein and material hereto, Defendants, Uber Technologies, Inc. d/b/a Uber and Portier LLC, acted and/or failed to act, by and through their agents, ostensible agents, servants, workmen and/or employees, including Defendants, Kassan Crutchfield and John Doe 6, who were then and there acting within the course and scope of their authority in the course of their relationship with Defendants and in furtherance of Defendants' pecuniary interests.

11.     At all times mentioned herein and material hereto, Defendants, Uber Technologies, Inc. d/b/a Uber and Portier LLC, were vicariously or otherwise responsible for the negligent and tortious acts or omissions of its agents, ostensible agents, servants, workmen and/or employees, including Defendants, Kassan Crutchfield and John Doe 6.

## JURISDICTION AND VENUE

12.     This Honorable Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as Plaintiffs' claims arise under The Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

13.     Venue is proper 28 U.S.C. § 1391(b)(1) because a Defendants can be found in, reside, or transact business in this District.

14.     Venue is proper 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred in this District.

## FACATUAL BACKGROUND

15.     At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific

knowledge and understanding of the Philadelphia Police policies and procedures, including Philadelphia Police directive 9.4.

16.     At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in the operation, supervision and execution of vehicular pursuits and to avoid creating a significant risk of death or serious bodily injury to members of the public.

17.     At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in justifying the initiation of a vehicular pursuit.

18.     At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in evaluating certain considerations, including, the vehicular pursuit area, the urban population density, and the speed and control of the suspect's vehicle, to assess the significant risk of death or serious bodily injury to members of the public.

19.     At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise

reasonable care in continuously evaluating the benefits of an immediate capture against the safety of the public.

20.    At all times mentioned herein and material hereto, Defendant, City of Philadelphia, maintained certain responsibilities and obligations, including responsibilities for maintaining agents, ostensible agents, servants, workmen and/or employees with specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in continuously evaluating whether to immediately terminate, disengage and/or otherwise end an ongoing vehicular pursuit.

21.    At all times mentioned herein and material hereto, Defendant, John Doe 1-5, had and/or should have had specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in continuously evaluating whether to self-terminate a pursuit to protect the public from greater harm.

22.    At all times mentioned herein and material hereto, Defendant, John Doe 1-5, had and/or should have had specific knowledge and understanding of the Philadelphia Police policies and procedures to exercise reasonable care in continuously evaluating whether to self-terminate a pursuit, without fear of being disciplined by Defendant, City of Philadelphia, for doing so.

23.    Upon information and belief, on June 23, 2024, Antoinne Patton (hereinafter, "Patton"), along with group of accomplice juveniles, carjacked a 2022 BMW X7 bearing Pennsylvania license plate KYH2990 at the 5200 block of Spruce Street in Philadelphia, Pennsylvania.

24.    Upon information and belief, a significant period of time after the above-described carjacking, Defendants, City of Philadelphia and John Doe 1-5, observed Patton operating the above described stolen vehicle and acknowledged, approved, initialed and/or conducted a vehicular pursuit of Patton.

25.     Upon information and belief, Defendants, City of Philadelphia and John Doe 1-5, vehicular pursuit resulted in a lengthy and exceedingly dangerous high-speed chase through densely populated urban areas of Philadelphia County.

26.     Upon information and belief, at some point in time during the lengthy and exceedingly dangerous high-speed vehicular pursuit, Patton while being actively chased by Defendants, City of Philadelphia and John Doe 1-5, proceeded onto Interstate 76.

27.     Upon information and belief, Patton while driving recklessly, erratically and at an excessive rate of speed, violently struck a motor vehicle travelling on Interstate 76 and fled the scene of the accident.

28.     Upon information and belief, Defendants, City of Philadelphia and John Doe 1-5, despite the above-mentioned motor vehicle collision continued their pursuit of Patton.

29.     Upon information and belief, Defendants, City of Philadelphia and John Doe 1-5, continued their exceedingly dangerous high-speed vehicular pursuit of Patton despite clear evidence of the urban population density, of the vehicular pursuit area, and the exceedingly high speed and lack of control of Patton's vehicle, all of which posed a significant risk of death or serious bodily injury to members of the public.

30.     Upon information and belief, at some point in time during the lengthy and exceedingly dangerous high-speed vehicular pursuit, Patton while being actively chased by Defendants, City of Philadelphia and John Doe 1-5, proceeded westbound on Spruce Street at and/or near its intersection with 38th Street, in Philadelphia, Pennsylvania.

31.     At the time and place aforesaid, Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6, owned, managed, possessed and/or controlled a certain unknown motor vehicle, which was traveling northbound on 38th Street at and/or near the intersection with Spruce Street, in Philadelphia, Pennsylvania.

32.     At the time and place aforesaid, Plaintiff, Junoh Kim, was a lawful and proper passenger in Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6's motor vehicle, having utilized the uber platform for the ride.

33.     At the time and place aforesaid, Patton, while driving erratically and at an excessive rate of speed, and while actively being pursued by Defendants, City of Philadelphia and John Doe 1-5, recklessly entered the intersection of Spruce Street and 38th Street, and violently crashed into Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6's vehicle in which Plaintiff, Junoh Kim, was a passenger, causing Mr. Kim to sustain those catastrophic and permanent personal injuries more specifically set forth hereinafter.

34.     Following impact, Patton, along with the group of accomplice juveniles, were apprehended despite attempting to flee the scene on foot.

35.     Defendants, City of Philadelphia and John Doe 1-5, initiated an improper vehicular pursuit of Patton despite the significant risk of causing death or serious bodily injury to members of the public, including Plaintiff, Junoh Kim.

36.     For a significant period of time prior to Defendants, City of Philadelphia and John Doe 1-5, initiating its improper vehicular pursuit of Patton, Defendants, City of Philadelphia and John Doe 1-5, had ample time to consider whether to engage in an inherently risky pursuit.

37.     At the time Defendants, City of Philadelphia and John Doe 1-5, initiated its improper vehicular pursuit of Patton there was not an ongoing emergency and Defendants, City of Philadelphia and John Doe 1-5, had time to consider whether to engage in an inherently risky pursuit.

38.     Defendants, City of Philadelphia and John Doe 1-5, violated Philadelphia Police directive for vehicular pursuits when pursuit was specifically prohibited and despite the location

and population density of the area in which the pursuit was conducted, notwithstanding the significant risk of causing death or serious bodily injury to members of the public, including Plaintiff, Junoh Kim.

39.    Defendants, City of Philadelphia and John Doe 1-5, violated Philadelphia Police directive for vehicular pursuits when pursuit was specifically prohibited and despite the exceedingly high-speed and lack of control they had over the stolen vehicle, notwithstanding the significant risk of causing death or serious bodily injury to members of the public, including Plaintiff, Junoh Kim.

40.    Defendants, City of Philadelphia and John Doe 1-5, consciously disregarded a great risk of harm to the public and especially to Plaintiff, Junoh Kim, by engaging in an exceedingly dangerous high-speed vehicular pursuit of Patton in a non-emergent situation and in violation of departmental policy and procedures.

41.    At all times mentioned herein and material hereto, Defendants, City of Philadelphia and John Doe 1-5, continued their pursuit of Patton notwithstanding Patton striking at least one other vehicle prior to violently crashing into Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6's vehicle in which Plaintiff, Junoh Kim, was a passenger.

42.    At all times mentioned herein and material hereto, Defendants, City of Philadelphia and John Doe 1-5, continued their pursuit of Patton notwithstanding having ample time and opportunity to terminate, disengage and/or otherwise end an ongoing vehicular pursuit in light of significant risk of causing death or serious bodily injury to members of the public, including Plaintiff, Junoh Kim.

43.    It was foreseeable that Defendants, City of Philadelphia and John Doe 1-5's conduct would result in an unjustified vehicular pursuit of Patton through densely populated

urban areas of Philadelphia County.

44.    It was foreseeable that Defendants, City of Philadelphia and John Doe 1-5's conduct would result in an unjustified vehicular pursuit of Patton and result in a violent motor vehicle crash with that vehicle and another vehicle on the streeting, including the vehicle in which Plaintiff, Junoh Kim, was a passenger.

45.    But for the unjustified vehicular pursuit by Defendants, City of Philadelphia and John Doe 1-5, Patton would have not engaged in an exceedingly dangerous high-speed vehicular chase resulting in a violent motor vehicle crash with the vehicle in which Plaintiff, Junoh Kim was a passenger at that location.

46.    The acts and omissions of Defendants, City of Philadelphia and John Doe 1-5, directly and proximately caused the injuries and damages suffered by Plaintiff, Junoh Kim.

47.    The dangerous and reckless conduct of Defendants, City of Philadelphia and John Doe 1-5, were substantial factors in causing the injuries sustained by Plaintiff, Junoh Kim.

48.    By reason of the carelessness, negligence, recklessness and willful conduct of Defendants, as aforesaid, Plaintiff Junoh Kim, was caused to sustain serious, disabling and permanent, personal injuries: he sustained a cervical spine C4 right laminar fracture; he sustained a cervical spine C5 right lateral mass fracture; he sustained a cervical spine C6 burst fracture with retropulsion and C6 right lateral mass fracture; he sustained a cervical spine C7 right pedicle fracture; he sustained a right frontal bone fracture; he sustained a right supraorbital wall fracture; he sustained a right middle lobe pulmonary laceration; he sustained a bilateral vertebral artery dissection; he was required to undergo operative intervention consisting of stage 1 anterior cervical C6 corpectomy with expandable cage placement and C5-C7 fusion on June 23, 2024 at Penn Presbyterian Medical Center; he was required to undergo operative intervention consisting of stage 2 cervical fusion of the C6 burst fracture, C4-T1 posterior fusion and C5-C7

laminectomy on June 27, 2024 at Penn Presbyterian Medical Center; he was required to remain inpatient at Penn Presbyterian Medical Center from June 23, 2024 through July 27, 2024; ; he was required to remain inpatient at Kessler Institute for Rehabilitation – West Orange from July 27, 2024 through October 15, 2024; he has suffered permanent spinal cord injury which has rendered him paralyzed; he has been required to receive extensive medical care and treatment in South Korea; he has suffered from severe injury and pain to his neck; he has suffered from severe injury and paint to his back; he has suffered from severe injury to his head and face; he has been required to undergo extensive physical and occupational therapy; he sustained further injury to the bones, muscles, nerves and ligaments of his body, the full extent of which have yet to be determined; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; he has in the past been required and may in the future continue to be required to submit to x-rays, MRIs, and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he sustained a permanent impairment of bodily function; he has incurred significant past medical bills and will likely incur future medical bills; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment; he has suffered a significant loss of life's pleasures; he has suffered from severe embarrassment and humiliation.

49.     By reason of the carelessness and negligence of Defendants, as aforesaid, Plaintiff, Junoh Kim, has incurred various expenses, including medical expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for Plaintiff's medical care and treatment, for an indefinite period of time in the future.

50.     Plaintiff, Junoh Kim, has sustained and makes claim for pain and suffering, loss of physical function, permanent physical, permanent scarring, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, loss of earnings and future earning capacity, and any and all other damages to which he is entitled or may be entitled under the law of the Commonwealth of Pennsylvania.

51.     Defendants, City of Philadelphia and John Doe 1-5, acting under the color of state law, affirmatively caused Plaintiff, Junoh Kim, to be subjected to the deprivation of rights, privileges and immunities guaranteed by the Constitution and the law.

52.     Accordingly, Plaintiff, Junoh Kim, brings this civil action against Defendants, City of Philadelphia and John Doe 1-5, pursuant to 42 U.S.C. § 1983, and the doctrinal tenets interpreting this statute, and seek all damages cognizable by law.

### COUNT I – CIVIL RIGHTS
### JUNOH KIM v. CITY OF PHILADELPHIA and JOHN DOE 1-5

53.     Plaintiff, Junoh Kim, incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

54.     At all times mentioned herein and material hereto, Defendants, City of Philadelphia and John Doe 1-5, acted under color of state law.

55.     Defendants, City of Philadelphia and John Doe 1-5's conduct, as set forth above and herein, evinces a state-created danger.

56.     By engaging in an unjustified police pursuit despite the location and population density of the area in which the pursuit was conducted, and the high-speed and lack of control Patton had over the stolen vehicle, without reasonable belief that Patton posed an immediate threat to public safety, Defendants, City of Philadelphia and John Doe 1-5, as set forth above,

were deliberately indifferent and demonstrated a reckless disregard to the safety, bodily integrity, well-being liberty and substantive due process rights of Plaintiff, Junoh Kim.

57.    Defendants, City of Philadelphia and John Doe 1-5 conduct as set forth above, was so egregious as to shock the conscience.

58.    Defendants, City of Philadelphia and John Doe 1-5's conduct as set forth above, affirmatively created an opportunity that otherwise would not have existed for harm to occur to Plaintiff, Junoh Kim.

59.    Defendants, City of Philadelphia and John Doe 1-5's conduct as set forth above, demonstrates that Defendants unreasonably and unjustifiably placed Plaintiff, Junoh Kim, in a foreseeably dangerous position.

60.    Defendants, City of Philadelphia and John Doe 1-5's conduct as set forth above, demonstrates that the harm caused to Plaintiff, Junoh Kim, was a foreseeable and direct result of Defendants' conduct.

61.    Defendants, City of Philadelphia and John Doe 1-5's conduct as set forth above, violated Plaintiff, Junoh Kim's constitutional rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. § 1983.

62.    Defendants, City of Philadelphia and John Doe 1-5, were aware that Plaintiff, Junoh Kim, had a clearly established constitutional right to bodily integrity and right to be free of state created danger at the time of the incident.

63.    As a direct and proximate result of Defendants, City of Philadelphia and John Doe 1-5's unreasonable, unjustifiable and unconstitutional conduct, Plaintiff, Junoh Kim, were caused to suffer the injuries described in Paragraphs 48, 49 and 50, *supra*.

**WHEREFORE**, Plaintiff, Junoh Kim, claims of Defendants, City of Philadelphia and John Doe 1-5, and compensatory damages, jointly and severally, together with attorney fees and

costs, and pre- and post-judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $75,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT II – CIVIL RIGHTS
### JUNOH KIM v. CITY OF PHILADELPHIA

64.    Plaintiff, Junoh Kim, incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

65.    The conduct as set forth above and herein evinces a state-created danger in violation of Plaintiff, Junoh Kim's constitutional rights.

66.    The conduct as set forth above demonstrates that Defendant, City of Philadelphia, failed to adequately train police officers and/or failed to have an adequate training policy regarding the appropriate and justifiable use of police pursuits; the appropriate and justifiable use of high speed chases; and the risk posed by police pursuits and high-speed chases to motorists and innocent bystanders, thereby depriving Plaintiff, Junoh Kim, of his constitutional rights.

67.    The conduct as set forth above demonstrates that Defendant, City of Philadelphia, failed to adequately supervise and/or monitor police pursuits; high speed chases; and compliance with the police department's written policies regarding police pursuits and high speed chases and/or failed to have an adequate training policy on the supervision and/or monitoring of police pursuits; high speed chases; and compliance with the police department's written policies regarding police pursuits and high speed chases, thereby depriving Plaintiff, Junoh Kim, of his constitutional rights.

68.    The conduct set forth above demonstrates that Defendant, City of Philadelphia, failed to enforce the police department's written policies regarding the use of police pursuits and

high speed chases and/or had an unwritten policy or custom regarding the use of police pursuits and high speed chases that differed and/or was contrary to the police department's written policies regarding police pursuits and high speed chases and/or had an unwritten policy or custom that authorized and/or sanctioned officers not to follow the police department's written policies regarding police pursuits and high speed chases, thereby depriving Plaintiff, Junoh Kim, of his constitutional rights.

69.     The conduct set forth above indicates that Defendant, City of Philadelphia, had inappropriate policies, procedures, customs and practices with respect to the use of police pursuits; the use of high-speed chases; and the risk posed by police pursuits and high-speed chases to motorists and innocent bystanders, thereby depriving Plaintiff, Junoh Kim, of his constitutional rights.

70.     The above-references actions demonstrate a conscious disregard to great risk of harm to persons like and including, Plaintiff, Junoh Kim.

71.     The above-references actions are outrageous, egregious and conscience-shocking, and rise to a level of intention to cause harm.

72.     As a direct and proximate result of Defendant, City of Philadelphia's unreasonable, unjustifiable and unconstitutional conduct, Plaintiff, Junoh Kim, was caused to suffer the injuries described in Paragraphs 48, 49 and 50, *supra*.

**WHEREFORE**, Plaintiff, Junoh Kim, claims of Defendants, City of Philadelphia and John Doe 1-5, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $75,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT III – NEGLIGENCE
### JUNOH KIM v. KASSAN CRUTCHFIELD, UBER TECHNOLOGIES, INC. D/B/A UBER AND PORTIER LLC and JOHN DOE 6

73.   Plaintiff, Junoh Kim, incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

74.   At the time and place aforesaid, Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6, failed to notice and/or disregarded the active police pursuit headed toward them, improperly entered the intersection of Spruce Street and 38th Street, and failed to bring their vehicle to a stop before violently crashing into Patton's stolen vehicle, while Plaintiff, Junoh Kim, was a passenger in their vehicle, causing Mr. Kim to sustained those catastrophic and permanent personal injuries more specifically set forth hereinafter.

75.   Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6, upon information and belief, were careless and negligent in:

    a.   Operating their vehicle at an excessive rate of speed under the circumstances;

    b.   Improperly entered the intersection;

    c.   Improperly entered the intersection notwithstanding the active police pursuit headed toward them;

    d.   Failing to stop their vehicle prior to striking Patton's vehicle;

    e.   Failing to maintain proper and safe control of their vehicle;

    f.   Failing to yield the right of way to Patton's vehicle;

    g.   Causing and allowing their vehicle to violently crash and strike into Patton's vehicle while Plaintiff, Junoh Kim was a passenger in their vehicle;

    h.   Failing to avoid crashing into Patton's vehicle while Plaintiff, Junoh Kim was a passenger in their vehicle;

i.  Failing to give proper and sufficient warning of the approach of their vehicle;

j.  Careless driving;

k.  Failing to obey traffic signals, control, signs and warnings then and there existing;

l.  Failing to maintain a proper and safe lookout for the traffic and road conditions then and there existing;

m.  Failing to properly maintain their vehicle and have it operate in a proper and safe manner;

n.  Operating their motor vehicle in violation of the ordinances of the Commonwealth of Pensylvania and other relevant governmental entities; and

o.  Failing to exercise reasonable care under all of the circumstances.

76.  As a direct and proximate result of Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6's carelessness and negligence, Plaintiff, Junoh Kim, were caused to suffer the injuries described in Paragraphs 48, 49 and 50, *supra.*

**WHEREFORE**, Plaintiff, Junoh Kim, claims of Defendants, Kassan Crutchfield, Uber Technologies, Inc. d/b/a Uber and Portier LLC and John Doe 6, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $75,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff, Junoh Kim, request that judgment be entered against all Defendants for damamges to be determined at trial, and for all other and further relief as the

Court may deem just and equitable.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

By: _____
*Robert N. Braker /s/*

ROBERT N. BRAKER, ESQUIRE
RYAN M. COHEN, ESQUIRE
Attorney I.D. Nos. 62583 / 91579
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282
*Attorneys for Plaintiff*

Dated: January 30, 2026