IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUNOH KIM, | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 26-932** |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| KASSAN CRUTCHFIELD, | : | |
| UBER TECHNOLOGIES, INC., d/b/a | : | |
| UBER, PORTIER, LLC, JOHN DOE 1-5 | : | |
| and JOHN DOE 6 | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANTS, UBER TECHNOLOGIES, INC. AND PORTIER, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Uber Technologies, Inc. d/b/a Uber (hereinafter "Uber") and Portier, LLC (hereinafter "Portier") (hereinafter collectively "Answering Defendants"), by and through their undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, by way of Answer to Plaintiff, Junoh Kim's (hereinafter "Plaintiff") Complaint (hereinafter "Plaintiff's Complaint") with Affirmative Defenses say as follows:

1.      Answering Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of Paragraph 1 of Plaintiff's Complaint.

2.      Denied.  The allegations of Paragraph 2 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 2 of Plaintiff's Complaint to the extent they pertain to them.

3.      Answering Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

1

4.      Denied in part; admitted in part. The allegations of Paragraph 4 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, it is only admitted that Uber is a Delaware corporation with its principal place of business at 1725 3rd Street, San Francisco, CA 94158. Except as so admitted, the remaining allegations of Paragraph 4 of Plaintiff's Complaint are denied.

5.      Denied in part; admitted in part. The allegations of Paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, it is only admitted that Portier is a Delaware limited liability company with its principal place of business at 1725 3rd Street, San Francisco, CA 94158. Except as so admitted, the remaining allegations of Paragraph 5 of Plaintiff's Complaint are denied.

6.      Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 6 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 6 of Plaintiff's Complaint to the extent they pertain to them.

7.      Denied.  The allegations of Paragraph 7 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 7 of Plaintiff's Complaint to the extent they pertain to them.

8.      Denied.  The allegations of Paragraph 8 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 8 of Plaintiff's Complaint to the extent they pertain to them.

9.      Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 9 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 9 of Plaintiff's Complaint to the extent they pertain to them.

10.      Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 10 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 10 of Plaintiff's Complaint to the extent they pertain to them.

11.      Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 11 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 11 of Plaintiff's Complaint to the extent they pertain to them.

## JURISDICTION AND VENUE

12.     Denied.  Allegations of Paragraph 12 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 12 of Plaintiff's Complaint to the extent they pertain to them.

13.     Denied.  Allegations of Paragraph 13 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 13 of Plaintiff's Complaint to the extent they pertain to them.

14.     Denied.  Allegations of Paragraph 14 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint to the extent they pertain to them.

## FACTUAL BACKGROUND

15.     Denied.  The allegations of Paragraph 15 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 15 of Plaintiff's Complaint to the extent they pertain to them.

16.     Denied.  The allegations of Paragraph 16 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint to the extent they pertain to them.

4

17.     Denied.  The allegations of Paragraph 17 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 17 of Plaintiff's Complaint to the extent they pertain to them.

18.     Denied.  The allegations of Paragraph 18 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint to the extent they pertain to them.

19.     Denied.  The allegations of Paragraph 19 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint to the extent they pertain to them.

20.     Denied.  The allegations of Paragraph 20 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 20 of Plaintiff's Complaint to the extent they pertain to them.

21.     Denied.  The allegations of Paragraph 21 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint to the extent they pertain to them.

22.     Denied.  The allegations of Paragraph 22 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further

response is required, Answering Defendants deny the allegations of Paragraph 22 of Plaintiff's Complaint to the extent they pertain to them.

23.    Denied.  The allegations of Paragraph 23 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint to the extent they pertain to them.

24.    Denied.  The allegations of Paragraph 24 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint to the extent they pertain to them.

25.    Denied.  The allegations of Paragraph 25 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 25 of Plaintiff's Complaint to the extent they pertain to them.

26.    Denied.  The allegations of Paragraph 26 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint to the extent they pertain to them.

27.    Denied.  The allegations of Paragraph 27 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint to the extent they pertain to them.

28.     Denied.  The allegations of Paragraph 28 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint to the extent they pertain to them.

29.     Denied.  The allegations of Paragraph 29 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 29 of Plaintiff's Complaint to the extent they pertain to them.

30.     Denied.  The allegations of Paragraph 30 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint to the extent they pertain to them.

31.     Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 31 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint to the extent they pertain to them.

32.     Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 32 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent

a further response is required, Answering Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint to the extent they pertain to them.

33.    Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 33 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint to the extent they pertain to them.

34.    Denied.  The allegations of Paragraph 34 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint to the extent they pertain to them.

35.    Denied.  The allegations of Paragraph 35 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint to the extent they pertain to them.

36.    Denied.  The allegations of Paragraph 36 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 36 of Plaintiff's Complaint to the extent they pertain to them.

37.    Denied.  The allegations of Paragraph 37 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further

response is required, Answering Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint to the extent they pertain to them.

38.    Denied.  The allegations of Paragraph 38 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint to the extent they pertain to them.

39.    Denied.  The allegations of Paragraph 39 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 39 of Plaintiff's Complaint to the extent they pertain to them.

40.    Denied.  The allegations of Paragraph 40 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 40 of Plaintiff's Complaint to the extent they pertain to them.

41.    Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 41 of Plaintiff's Complaint are conclusions of law to which no response is necessary and, are, therefore denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 41 of Plaintiff's Complaint to the extent they pertain to them.

42.    Denied.  The allegations of Paragraph 42 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further

9

response is required, Answering Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint to the extent they pertain to them.

43.    Denied.  The allegations of Paragraph 43 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 43 of Plaintiff's Complaint to the extent they pertain to them.

44.    Denied.  The allegations of Paragraph 44 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint to the extent they pertain to them.

45.    Denied.  The allegations of Paragraph 45 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint to the extent they pertain to them.

46.    Denied.  The allegations of Paragraph 46 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 46 of Plaintiff's Complaint to the extent they pertain to them.

47.    Denied.  The allegations of Paragraph 47 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 47 of Plaintiff's Complaint to the extent they pertain to them.

48.     Denied.  The allegations of Paragraph 48 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint to the extent they pertain to them.

49.     Denied.  The allegations of Paragraph 49 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 49 of Plaintiff's Complaint to the extent they pertain to them.

50.     Denied.  The allegations of Paragraph 50 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 50 of Plaintiff's Complaint to the extent they pertain to them.

51.     Denied.  The allegations of Paragraph 51 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 51 of Plaintiff's Complaint to the extent they pertain to them.

52.     Denied.  The allegations of Paragraph 52 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 52 of Plaintiff's Complaint to the extent they pertain to them.

## COUNT I – CIVIL RIGHTS
## JUNOH KIM v. CITY OF PHILADELPHIA and JOHN DOE 1-5

53.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as if fully set forth hereinafter.

11

54.     Denied.  The allegations of Paragraph 54 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 54 of Plaintiff's Complaint to the extent they pertain to them.

55.     Denied.  The allegations of Paragraph 55 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 55 of Plaintiff's Complaint to the extent they pertain to them.

56.     Denied.  The allegations of Paragraph 56 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 56 of Plaintiff's Complaint to the extent they pertain to them.

57.     Denied.  The allegations of Paragraph 57 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint to the extent they pertain to them.

58.     Denied.  The allegations of Paragraph 58 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 58 of Plaintiff's Complaint to the extent they pertain to them.

59.     Denied.  The allegations of Paragraph 59 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further

response is required, Answering Defendants deny the allegations of Paragraph 59 of Plaintiff's Complaint to the extent they pertain to them.

60.    Denied.  The allegations of Paragraph 60 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 60 of Plaintiff's Complaint to the extent they pertain to them.

61.    Denied.  The allegations of Paragraph 61 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 61 of Plaintiff's Complaint to the extent they pertain to them.

62.    Denied.  The allegations of Paragraph 62 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 62 of Plaintiff's Complaint to the extent they pertain to them.

63.    Denied.  The allegations of Paragraph 63 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 63 of Plaintiff's Complaint to the extent they pertain to them.

**WHEREFORE,** Answering Defendants, Uber Technologies, Inc. and Portier, LLC, demand judgment in their favor and against Plaintiff, together with such fees, costs, interest, and any other such relief that this Honorable Court deems just and appropriate.

## COUNT II – CIVIL RIGHTS
## JUNOH KIM v. CITY OF PHILADELPHIA

64.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as if fully set forth hereinafter.

65.     Denied.  The allegations of Paragraph 65 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 65 of Plaintiff's Complaint to the extent they pertain to them.

66.     Denied.  The allegations of Paragraph 66 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 66 of Plaintiff's Complaint to the extent they pertain to them.

67.     Denied.  The allegations of Paragraph 67 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 67 of Plaintiff's Complaint to the extent they pertain to them.

68.     Denied.  The allegations of Paragraph 68 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 68 of Plaintiff's Complaint to the extent they pertain to them.

69.     Denied.  The allegations of Paragraph 69 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 69 of Plaintiff's Complaint to the extent they pertain to them.

70.     Denied.  The allegations of Paragraph 70 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 70 of Plaintiff's Complaint to the extent they pertain to them.

71.     Denied.  The allegations of Paragraph 71 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 71 of Plaintiff's Complaint to the extent they pertain to them.

72.     Denied.  The allegations of Paragraph 72 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 72 of Plaintiff's Complaint to the extent they pertain to them.

**WHEREFORE,** Answering Defendants, Uber Technologies, Inc. and Portier, LLC, demand judgment in their favor and against Plaintiff, together with such fees, costs, interest, and any other such relief that this Honorable Court deems just and appropriate.

### COUNT III – NEGLIGENCE
### JUNOH KIM v. JASSAN CRUTCHFIELD, UBER TECHNOLOGIES, INC. D/B/A UBER AND PORTIER, LLC and JOHN DOE 6

73.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as if fully set forth hereinafter.

74.     Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 74 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent

15

a further response is required, Answering Defendants deny the allegations of Paragraph 74 of Plaintiff's Complaint to the extent they pertain to them.

75.     a. – o.  Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 75 a-o of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 75 a-o of Plaintiff's Complaint to the extent they pertain to them.

76.     Denied.  Answering Defendants specifically deny agency, ownership, or control of any individual or instrumentality involved in the alleged incident described in Plaintiff's Complaint. By way of further response, the allegations of Paragraph 76 of Plaintiff's Complaint are conclusions of law to which no response is necessary and are, therefore, denied. To the extent a further response is required, Answering Defendants deny the allegations of Paragraph 76 of Plaintiff's Complaint to the extent they pertain to them.

**WHEREFORE,** Answering Defendants, Uber Technologies, Inc.and Portier, LLC, demand judgment in their favor and against Plaintiff, together with such fees, costs, interest, and any other such relief that this Honorable Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

As and for their affirmative defenses to the allegations of Plaintiff's Complaint, Answering Defendants say as follows:

**First Affirmative Defense**

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.      All arbitration clauses, agreements, and provisions in any and all contracts (including oral, written, and/or hyperlinked) between and among the parties should be enforced.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice and Plaintiff's claims should be resolved through the arbitration process.

### Third Affirmative Defense

3.      Answering Defendant owed no duty to Plaintiff.

### Fourth Affirmative Defense

4.      Answering Defendant breached no duty owed to Plaintiff.

### Fifth Affirmative Defense

5.      Answering Defendant did not cause the damages alleged by Plaintiff.

### Sixth Affirmative Defense

6.      Plaintiff failed to mitigate his damages.

### Seventh Affirmative Defense

7.      The claims raised in Plaintiff's Complaint are barred and/or limited by the applicable statute of limitations.

### Eight Affirmative Defense

8.      Answering Defendant is entitled to a reduction of any found liability by the direct proportion of Plaintiff's comparative fault or negligence and/or by the amount of liability attributed to all defendants and other persons to whom liability is apportioned, pursuant to the Pennsylvania Fair Share Act, 42 Pa. C.S.A. § 7102.

**Ninth Affirmative Defense**

9.      Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Statute.

**Tenth Affirmative Defense**

10.      Plaintiff's claims are barred and/or limited by the doctrines of laches, waiver and/or estoppel.

**Eleventh Affirmative Defense**

11.      No acts of omission or commission on the part of Answering Defendant caused the injuries described in Plaintiff's Complaint.

**Twelfth Affirmative Defense**

12.      The injuries alleged in Plaintiff's Complaint were not caused by the actions of an agent, workman, servant and/or employee of Answering Defendant working in the course and scope of his/her employment.

**Thirteenth Affirmative Defense**

13.      The injuries described in Plaintiff's Complaint were caused by the negligent, intentional and/or reckless acts of third parties over whom Answering Defendant exercised no control but which may be included on the verdict sheet at the time of trial pursuant to the provisions of Pennsylvania Fair Share Act, 42 Pa. C.S.A. § 7102.

**Fourteenth Affirmative Defense**

14.      Plaintiff's causes of action are barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

**Fifteenth Affirmative Defense**

15.      Some or all of Plaintiff's injuries or damages may have been preexisting.

18

## Sixteenth Affirmative Defense

16.     Answering Defendant did not employ or control any individual in Plaintiff's Complaint, or their actions or inactions.

## Seventeenth Affirmative Defense

17.     No individual is an agent or employee of Answering Defendant and never has been. Accordingly, the doctrines of respondeat superior and agency and vicarious liability are inapplicable, and Answering Defendant has no vicarious liability for any alleged acts or omissions by other third parties.

## Eighteenth Affirmative Defense

18.     Plaintiff's claims are barred because Plaintiff's injuries or damages may have been actually or proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiff or independent third parties, or by events that were extraordinary under the circumstances or not foreseeable in the normal course of events.

## Nineteenth Affirmative Defense

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries and damages were caused, in whole or in part, by the negligence, fault, or wrongful conduct of third parties over whom Answering Defendant had no control.

## Twentieth Affirmative Defense

20.     Answering Defendant does not manage, operate, lease, control, repair, maintain, or own any of the vehicles at issue in this litigation.

## Twenty-First Affirmative Defense

22.     Plaintiff's claims are barred and/or limited by the applicable local, state, and/or federal law.

19

**Reservation of Defenses**

23.     Answering Defendants hereby give notice that they intend to rely on other and further defenses that become apparent or available through discovery, including any defenses which are part of any documents relevant to this case and hereby reserve the right to assert such defenses at a later date.

**WHEREFORE,** Answering Defendants, Uber Technologies Uber and Portier, LLC, demand judgment in their favor and against Plaintiff, together with such fees, costs, interest, and any other such relief that this Honorable Court deems just and appropriate.

**DEMAND FOR TRIAL BY JURY**

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 38(b) and L. Civ. R. 38.1, Answering Defendants hereby demand a jury trial on any issues triable by a jury.

                    **WILSON ELSER MOSKOWITZ**
                    **EDELMAN & DICKER LLP**

          By:     */s/Andrew J. Shaw*
                    Andrew J. Shaw, Esquire
                    Joseph Gallo, Esquire
                    *Attorneys for Defendants,*
                    *Uber Technologies, Inc. and Rasier-PA, LLC*

Dated:  March 27, 2026