**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTRN DISTRICT**


JUNOH KIM                                         :
                                                  :
    vs.                                           :
                                                  :   NO: 2:26-cv-00932
CITY OF PHILADELPHIA, KASSAN       :
CRUTCHFIELD, UBER TECHNOLOGIES:
INC. d/b/a UBER, PORTIER, LLC, JOHN   :
DOE 1-5 AND JOHN DOE 6                  :


**DEFENDANT, KASSAN CRUTCHFIELD'S ANSWER TO PLAINTIFF, JUNOH KIM'S**
**COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**


Defendant, Kassan Crutchfield, by and through its undersigned attorneys, hereby Answers the Complaint filed by Plaintiff, Junoh Kim, in the above-captioned action and sets forth Affirmative Defenses as follows:

**THE PARTIES**

1.  After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

2.  Admitted.

3.  Admitted.

4.  After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

5. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

6. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

7. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

8. Denied as a conclusion of law to which no response is required.

9. Denied as Kassan Crutchfield admits that he is alive and he was in sole possession and operation of his vehicle at the time of the incident.

10. Denied as a conclusion of law to which no response is required.

11. Denied as a conclusion of law to which no response is required.

## JURISDICTION AND VENUE

12. Admitted.

13. Admitted.

14. Admitted.

## FACATUAL BACKGROUND

15. Denied as a conclusion of law to which no response is required. If a response is deemed

required Denied as a conclusion of law to which no response is required. If a response is deemed required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint therefore said averments are denied, and strict proof is demanded at the time of trial.

16. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

17. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

18. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

19. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

20. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the

Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

21. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

22. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

23. Admitted.

24. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

25. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

26. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

27. Admitted. It is specifically admitted that Patton was driving recklessly, erratically and at an excessive rate of speed.

28. After reasonable investigation, Answering Defendant(s) is/are without knowledge or

information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

29. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

30. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.

31. It is admitted that Kassan Crutchfield was operating a vehicle traveling northbound on 38th Street at or near the intersection of Spruce Street in Philadelphia, Pennsylvania.

32. It is admitted that Plaintiff was a passenger in Kassan Crutchfield's vehicle after utilizing the Uber platform for the ride.

33. It is admitted that Patton recklessly operated his vehicle and violated numerous laws at a high rate of speed when he crashed into Kassan Crutchfield's vehicle and caused severe injuries to Junoh Kim.

34. Admitted.

35. Denied as a conclusion of law to which no response is required.

36. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

37. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this

paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

38. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

39. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

40. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

41. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

42. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

43. Denied as a conclusion of law to which no response is required.

44. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

45. After reasonable investigation, Answering Defendant(s) is/are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

46. Denied. The averments contained in their paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendant therefore, no response is required and they are deemed denied.

47. Denied. The averments contained in their paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendant therefore, no response is required and they are deemed denied.

48. Denied. It is specifically denied that Kassan Crutchfield was careless, reckless and willful when he was struck by a car jacked vehicle being pursued by the Police.

49. Denied. It is specifically denied that Kassan Crutchfield was careless, reckless and willful when he was struck by a car jacked vehicle being pursued by the Police.

50. Denied. It is specifically denied that Kassan Crutchfield was careless, reckless and willful when he was struck by a car jacked vehicle being pursued by the Police.

51. Denied as a conclusion of law to which no response is required.

52. Denied as a conclusion of to which no response is required.

## COUNT 1— CIVIL RIGHTS

## JUNOH KIM v. CITY OF PHILADELPHIA and JOHN DOE 1-5

53. Defendant Crutchfield incorporates his responses to the above-paragraphs as if set forth fully herein.

54. – 63. Denied.  The averments contained in their paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendants. Further, they are conclusions of law to which no response is required.

WHEREFORE, Answering Defendant, Kassan Crutchfield, demands that judgment be entered in his favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT II —CIVIL RIGHTS

## JUNOH KIM v. CITY OF PHILADELPHIA

64. Defendant Crutchfield incorporates his responses to the above-paragraphs as if set forth fully herein.

65.-72. Denied.  The averments contained in their paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendants. Further, they are conclusions of law to which no response is required.

WHEREFORE, Answering Defendant, Kassan Crutchfield, demands that judgment be entered in his favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT III — NEGLIGENCE
## JUNOH KIM v. KASSAN CRUTCHFIELD, UBER TECHNOLOGIES, INC. D/B/A
## UBER AND PORTIER LLC and JOHN DOE

73. Defendant Crutchfield incorporates his responses to the above-paragraphs as if set forth fully herein.

74. Denied. It is specifically denied that Defendant Crutchfield improperly entered the intersection. The remainder of the averment is denied as conclusion of law.

75 (a-o). Denied. It is specifically denied that Defendant Crutchfield was in any way negligent as he obeyed all traffic laws and rules of the road when he was shockingly struck by the car jacked vehicle that violated numerous laws and rules of the road when that vehicle entered the intersection as described in Plaintiff's earlier paragraphs.

76. Denied. It is specifically denied that Defendant Crutchfield was in any way negligent as he obeyed all traffic laws and rules of the road when he was shockingly struck by the car jacked vehicle that violated numerous laws and rules of the road when that vehicle entered the intersection as described in Plaintiff's earlier paragraphs.

WHEREFORE, Answering Defendant, Kassan Crutchfield, demands that judgment be entered in its favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

### AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's claims were solely caused by the acts of third-parties that which Defendant Crutchfield had no control over.

### Second Defense

9

Plaintiff's medical bills are limited by *Moorhead* in that only paid and payable bills can be recovered.

### Third Defense

Plaintiff's claims against Kassan Crutchfield are barred due to this being a sudden emergency and/or unavoidable accident.

### Fourth Defense

Plaintiff, Junoh Kim's claims are barred by the doctrine of waiver and/or consent.

### Fifth Defense

Plaintiff, Junoh Kim's claims are barred due to the failure to join Antoinne Patton who caused this intersectional collision and is an indispensable party.

Defendant, Kassan Crutchfield reserves the right to raise other affirmative defenses should the applicability of such defenses become apparent through additional discovery or investigation.

### Reservation of Defenses

Answering Defendant hereby give notice that he intends to rely on other and further defenses that become apparent or available through discovery, including any defenses which are part of any documents relevant to this case and hereby reserve the right to assert such defenses at a later date.

### DEFENDANT CRUTCHFIELD'S CROSSCLAIM AGAINST CITY OF PHILADELPHIA AND JOHN DOES 1-5

1.      Defendant Crutchfield incorporates by reference the factual averments in plaintiff's Complaint against co-defendants, City of Philadelphia, John Does 1-5 for purposes of this crossclaim only.

2.      Answering Defendant repeats and incorporates by reference his answers to all previous averments as though same were fully set forth herein at length.

3.      If the averments of plaintiff's complaint are established at trial, then co-defendants City of Philadelphia and John Does 1-5 are liable to plaintiff and liable over to Answering Defendant due to their own negligence or carelessness.

WHEREFORE, Answering Defendant, Kassan Crutchfield, demand judgment in his favor and against Plaintiff, together with such fees, costs, interest, and any other such relief that this Honorable Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 38(b) and L. Civ. R. 38.1, Answering Defendant hereby demands a jury trial on any issues triable by a jury.

Respectfully submitted,

BY:_____*Gregory M. Mallon*_____
ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.
GREGORY M. MALLON, ESQUIRE
KEVIN M. ELLIS, ESQUIRE
2005 Market Street – 16th Floor
One Commerce Square
Philadelphia, PA  19103
gmallon@zarwin.com
kellis@zarwin.com

Dated:  March 31, 2026

11

## CERTIFICATE OF SERVICE

I, Greg M. Mallon, Esquire hereby certify that on March 31, 2026 and correct copy of Defendant, Kassan Crutchfield's Answer with Affirmative Defenses was served upon the parties and/or counsel  via E-Filing and Defendant City of Phildelphia via First Class Mail.

BY: _*Gregory M. Mallon*_
ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.
GREGORY M. MALLON, ESQUIRE
KEVIN M. ELLIS, ESQUIRE
2005 Market Street – 16th Floor
One Commerce Square
Philadelphia, PA  19103
gmallon@zarwin.com
kellis@zarwin.com