**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNOH KIM** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 26-932-JMY** |
| **CITY OF PHILADELPHIA, et al.** | : | |

**ORDER**

**AND NOW**, this ______ day of ______________________, 2026, upon consideration of the Partial Motion to Dismiss of Defendants, Officer Anthony Washington, Officer Gregorio Santana and Officer Jerome Jackson, and Plaintiff's Response and Sur-Reply in Opposition thereto, it is **ORDERED** that Defendants' Motion is **DENIED**.

**BY THE COURT:**

___________________________________________
**JUDGE ANTONIO M. POZOS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNOH KIM** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 26-932-JMY** |
| **CITY OF PHILADELPHIA, et al.** | : | |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS, OFFICERS ANTHONY WASHINGTON, GREGORIO SANTANA AND JEROME JACKSON**

## I. MATTER BEFORE THE COURT

Plaintiff, by and through his attorneys, Saltz Mongeluzzi Bendesky, hereby submits the instant Reply Brief in Further Support of Plaintiff's Response in Opposition to the Partial Motion to Dismiss of Defendants, Officers Anthony Washington, Gregorio Santana and Jerome Jackson (hereinafter "Moving Defendants").

## II. QUESTION PRESENTED

Has Plaintiff lawfully and properly pled his cause of action against Moving Defendants in the Amended Complaint and, thus, should not be dismissed?

Suggested Answer: Yes

## III. FACTS AND PROCEDURAL POSTURE

This case arises from a catastrophic motor vehicle accident which occurred on June 23, 2024 as a result of a chain of events involving a high-speed police pursuit and motor vehicle crash which resulted in the twenty-three (23) year old Plaintiff suffering a permanent spinal cord injury which has rendered him paralyzed from the waist down with limited use of his hands.

On June 16, 2026, counsel for Defendant, City of Philadelphia, advised that the majority of the police pursuit at issue was carried out by three (3) City of Philadelphia Police Officers, being Officer Anthony Washington, Officer Gregorio Santana, and Officer Jerome Jackson (i.e. Moving Defendants). Upon learning of this information, **all parties agreed to sign a Joint Stipulation (ECF No. 38) allowing Plaintiff to file an Amended Complaint to add the three (3) City of Philadelphia Police Officers as individual defendants**. Accordingly, Plaintiff filed an Amended Complaint (ECF 43) on June 22, 2026 which included, but was not limited to, claims against Moving Defendants in the United States District Court for the Eastern District of Pennsylvania after receiving permission from this Honorable Court to file the same.

On August 20, 2026, Moving Defendants filed a Motion to Dismiss (ECF 57), and Plaintiff's Response in Opposition to said Motion to Dismiss was filed on August 31, 2026 (ECF 58). Thereafter, Moving Defendants filed a Reply brief in support of their Motion (ECF 60) to which Plaintiff hereby issues a brief Sur-Reply regarding the same.

Plaintiff acknowledges that there are, of course, situations in which high speed police pursuits are necessary and reasonable for the safety of constituents and the public at large, and Plaintiff has utmost respect for the Philadelphia Police Department in these circumstances. However, these circumstances simply did not exist here. According to Plaintiff's Amended Complaint, as pled, the extent to which Moving Defendants engaged in a high-speed chase of a stolen vehicle (with no victim or individual inside said vehicle) was not warranted and the risk outweighed the benefit under the facts pled in this case.

## IV. LEGAL ARGUMENT

Here, Moving Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(6), a motion to dismiss may only be granted if a court concludes that plaintiff's allegations could not raise a claim entitled to relief while accepting Plaintiff's well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. See, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See, Floyd v. City of Philadelphia, 2025 WL 3089755 (E.D.P.A. Nov. 4, 2025) at 2, citing Ashcroft v. Iqbal, 556 U.S. at 678 (2009).

As set forth in detail in Plaintiff's Response in Opposition to the Motion to Dismiss, Plaintiff's Amended Complaint set forth numerous specific factual allegations in support of the claims pled against Moving Defendants which this Honorable Court must accept as true and view in the light most favorable to the plaintiff pursuant to the Rule 12(b)(6) standard. Plaintiff's numerous factual allegations pled in the Amended Complaint are cited and highlighted in Plaintiff's Response in Opposition to the Motion to Dismiss and, for that reason, Plaintiff will not repeat the list of factual averments in the interest judicial time and efficiency. The factual averments and claims against Moving Defendants in Plaintiff's Amended Complaint are descriptive and sufficiently pled for purposes of defeating the instant Motion to Dismiss.

The Case at Bar is still at a very early stage in litigation wherein facts have not yet been divulged or developed. A decision to dismiss the individual police officers at this point in time is simply not ripe to be determined by this Honorable Court. Plaintiff's Complaint is sufficiently specific and makes a lawful and proper cause of action against them. Moving Defendants' Motion should be denied on this basis alone given that at this early stage of litigation, there are simply not enough facts in evidence to make a final determination to even determine which standard on the spectrum of intent to harm

applies to Moving Defendants for this police pursuit, and the subsequent determination of whether or not the applicable standard was satisfied. Moving Defendants' request to be dismissed and reasons for the same are akin to an early motion to summary judgment. This is especially true when the specific timeline is essential when determining the standard for police pursuit cases and immunity issues.

It is important to note that in police pursuit cases, such as this, the court must first determine what standard to apply to the individual police officers; this depends upon the specific facts and circumstances of each case. See, Sauers at 716-717. Upon information and belief, Moving Defendants had real-time information regarding where the stolen BMW was traveling during the pursuit by way of a tracker installed on the vehicle. Accordingly, the determination of which standard applies to Moving Defendants here largely depends upon the unique facts and circumstances of this case and, thus, is not ripe for dismissal.

In the recent case of Floyd v. City of Philadelphia, 2025 WL 3089755 (E.D.P.A. Nov. 4, 2025), the police officer defendants filed a Motions to Dismiss in a case in which the plaintiff died as a result of a crash during a high-speed police pursuit in a highly densely populated area in violation of Philadelphia Police Department Directive 9:4 as to vehicular pursuits. In light of the "deferential pleading standard" reserved for the Plaintiff and early stage of litigation, the Eastern District Court in Floyd denied the Motion to Dismiss. In this regard, the Court specifically held that "[w]hile Plaintiff may ultimately face an uphill battle in establishing facts needed to prevail in this matter, this motion to dismiss stage—when the Court must assume all of Plaintiff's plausible, factual assertions to be true—is not the proper arena for the Court to question the credibility of Plaintiff's allegations." See, Id. at 6. The Floyd Court further noted that "**it would be unduly harsh**" to grant the Motion to Dismiss at such an early stage. See, Id. at 5 (emphasis added).

Moving Defendant erroneously claim that "*Moving Defendants respond to demonstrate that Plaintiff's arguments are contradicted directly by Third Circuit and Supreme Court precedent, and to show that complaints are dismissed at this stage for failure to plead facts supporting an intent to harm.*" (ECF 60 at 1). However, Moving Defendants are relying on cases involving **motions for summary judgment** which, obviously, involve a completely different legal analysis, as there were facts in evidence for the courts to analyze to determine whether the individual police officer defendants were entitled to the granting of summary judgment. Moreover, the few cases cited by Moving Defendant that involved Motions to Dismiss are out of the Western District of PA and Middle District of PA and, thus, are not authoritative and/or binding. Moving Defendants' reliance on these cases is misplaced and should not be utilized for the determination of the Motion to Dismiss. As aforesaid, Moving Defendants rely on the below-listed cases that do not involve motions to dismiss and/or are not authoritative:

- Otero v. Kane, 161 F.4th 189 (3d Cir. 2025): Court's analysis was in the context of a **Motion for summary judgment**.

- Donahue v. Borough of Collingswood, 714 F.Supp.3d 504 (E.D. Pa. 2024): Court's analysis was in the context of a Motion for summary judgment.

- Davis v. Township of Hillside, 190 F.3d 167 3d Cir. 1999): Court's analysis was in the context of a **Motion for summary judgment**.

- Miller v. Wolk, 2026 WL 1587518, June 3, 2026 (Not Reported in Fed. Rptr.; Not Precedential): Court's analysis was in the context of a **Motion for summary judgment**.

- Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769 (2007): Court's analysis was in the context of a **Motion for summary judgment**.

- Koreny v. Smith, 2018 WL 1141513, (Western Dist. of Pa., Mar. 2, 2018): Court's analysis was in the context of a motion to dismiss in the **Western District** of Pennsylvania.

- Espigh v. Borough of Lewistown, 2021 WL 5163213 (Middle Dist. of Pa., Nov. 5, 2021): Court's analysis was in the context of a motion to dismiss in the **Middle District** of Pennsylvania.

## V. RELIEF REQUESTED

In light of Plaintiff's Response in Opposition to Moving Defendants' Partial Motion to Dismiss and Plaintiff's instant Sur-Reply, Plaintiff respectfully requests that this Honorable Court deny Moving Defendants' Partial Motion to Dismiss and enter the form of proposed Order attached.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

By: ***Robert N. Braker /s/***

Robert N. Braker, Esquire PA ID 62583
Ryan M. Cohen, Esquire PA ID 91579
Tracy D. Schwartz, Esquire PA ID 208495
SALTZ MONGELUZZI BENDESKY
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
rbraker@smbb.com/rcohen@smbb.com
Ph. 215-496-828 Fax 215-496-0999
Attorneys for Plaintiff

**VERIFICATION**

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contain averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

**SALTZ MONGELUZZI BENDESKY**

By: ***Robert N. Braker /s/***

Robert N. Braker, Esquire PA ID 62583
Ryan M. Cohen, Esquire PA ID 91579
Tracy D. Schwartz, Esquire PA ID 208495
SALTZ MONGELUZZI BENDESKY
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
rbraker@smbb.com/rcohen@smbb.com;
tschwartz@smbb.com
Ph. 215-496-828 Fax 215-496-0999
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of Plaintiff's Sur-Reply in Support of his Response in Opposition to the Partial Motion to Dismiss of Defendants, Officer Anthony Washington, Officer Gregorio Santana and Officer Jerome Jackson was forwarded via e-filing on September 9, 2026, to all counsel of record.

**SALTZ MONGELUZZI BENDESKY**

By: ***Robert N. Braker /s/***

Robert N. Braker, Esquire PA ID 62583
Ryan M. Cohen, Esquire PA ID 91579
Tracy D. Schwartz, Esquire PA ID 208495
SALTZ MONGELUZZI BENDESKY
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
rbraker@smbb.com/rcohen@smbb.com;
tschwartz@smbb.com
Ph. 215-496-828 Fax 215-496-0999
*Attorneys for Plaintiff*