**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUNOH KIM<br><br>v.<br><br>UBER TECHNOLOGIES, INC. d/b/a UBER, KASSAN CRUTCHFIELD, PORTIER LLC, CITY OF PHILADELPHIA, JOHN DOE 1-5 and JOHN DOE 6 | **CIVIL ACTION**<br><br>**NO. 26-932-JMY** |

# JOINT STATUS REPORT

In accordance with the Notice of Reassignment and Standing Order entered by District Judge Antonio M. Pozos dated September 16, 2026, counsel for the parties conferred via video conference on September 24, 2026 and via email from September 22, 2026 through September 25, 2026 and hereby submit the following Joint Status Report for this Honorable Court's consideration:

**1. A concise summary of the case, including a description of the parties, factual background, claims and defenses at issue, and relevant procedural history.**

**A. <u>From Plaintiff, Junoh Kim</u>:**

This matter involves a motor vehicle accident which occurred on June 23, 2024 as a result of a chain of events involving a carjacking, high speed police pursuit and motor vehicle crash which resulted in catastrophic injuries sustained by Plaintiff, Junoh Kim, age 23 at the time, including, but not limited to, a permanent spinal cord injury which has rendered him paralyzed from the waist down with limited use of his hands. At the time of the accident, Plaintiff was a lawful and proper Uber passenger/customer in the vehicle operated by Uber driver, defendant, Kassan Crutchfield.

Specifically, plaintiff sustained five (5) separate fractures to the cervical spine, a fracture to the frontal bone of the skull, a fracture to the suborbital wall (eye socket), tearing to his right lung, and bilateral tearing (dissection) of the vertebral artery which caused him to be paralyzed. He was required to undergo two (2) major surgeries to his cervical spine, being a stage 1 anterior cervical C6 corpectomy with expandable cage placement and C5-C7 fusion on June 23, 2024, and a stage 2 cervical fusion of the C6 burst fracture, C4-T1 posterior fusion and C5-C7 laminectomy on June 27, 2024. Due to the severity of plaintiff's injuries and surgical intervention, he was required to remain as an inpatient for approximately four (4) months at Penn Presbyterian Medical Center (from June 23, 2024 through July 27, 2024) and at the Kessler Institute for Rehabilitation – West Orange (from July 27, 2024 through October 15, 2024). Given the exorbitant amount of medical care and help needed, plaintiff was admitted to a rehabilitation facility where he remained an inpatient for almost two (2) years.

Plaintiff is making claims against defendants, Uber Technologies, Inc. d/b/a Uber (hereinafter "Uber"), Kassan Crutchfield, and the City of Philadelphia. Plaintiff is making claims for bodily injuries, psychological injuries, past and future medical care and assistance, wage loss, and future lost earning capacity.

### B. From Defendant, Kassan Crutchfield

Defendant Kassan Crutchfield was transporting Mr. Kim and having a conversation with him when he waited at a red light until it turned green. Mr. Crutchfield followed another car through the intersection when he was suddenly and forcefully struck by a car jacked vehicle that he could not avoid. Unfortunately, he is now being sued in Federal Court despite his lack of any wrongdoing.

### C. From Defendants, Uber Technologies, Inc. d/b/a Uber, and Defendant, Portier, LLC

Plaintiff's claims against Uber belong in arbitration per the January 2023 Terms of Use of use he signed prior to the alleged incident. Plaintiff received reasonably conspicuous notice oft eh January 2023 terms and took actions to manifest those terms. Arbitration agreements are favored under both federal and Pennsylvania law. *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 504 (Pa. 2016); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Consistent with Uber's Motion to Compel Arbitration, Courts across the country have held that users entered into enforceable arbitration agreements with Uber under virtually identical circumstances.

Uber highlights that *Chilutti* was vacated, wrong and distinguishable from the case at bar. It further states that three federal courts have considered the rules announced in *Duffy* and held that they violate the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 1, et seq. *See Swartz v. ESPN Inc.*, No. 1:22-CV-01523, 2026 WL 1507403, at *5 (M.D. Pa. May 29, 2026); *Dieffenbach v. Upgrade, Inc.*, No. 4:23-cv-1427, 2025 WL 1239328, at *8 (M.D. Pa. Apr. 29, 2025); *Happy v. Marlette Funding, LLC*, 744 F. Supp. 3d 403, 411–12 (W.D. Pa. 2024). Uber analyzes and contradicts *Duffy* at length in its moving papers.

Uber's pending Motion to Compel Arbitration warrants a stay of discovery on its behalf as set forth with the appropriate legal bases in its pending Motion for Protective Order. Aside from the liability defenses outlined by Mr. Crutchfield, Mr. Crutchfield was an independent contractor and not an employee or agent of Uber. Defendants Uber' Technologies, Inc. d/b/a Uber, and Portier, LLC's participation in this Court Mandated Joint Report is not a waiver of its right to enforce arbitration.

### D. From Defendant, City of Philadelphia

Plaintiff cannot make a substantive due process claim against the City or the individual officers. The pursuit at issue was in response to the gun point carjacking of a BMW X7 in the early morning hours of 6/23/24. The owner of the vehicle reported that, while he was in the vehicle, a masked individual approached his driver side window with a black handgun. This masked individual forced him from the car and drove off. This stolen vehicle refused to stop for police and later caused the accident at issue. The stolen vehicle ran a redlight and hit Plaintiff's car.

There must be an intent to harm to hold a Police Officer liable for a fleeing driver's criminal conduct. The Police Officer did not have such an intent, and instead were justifiably trying to stop an armed felon. Police Directive 9.4 allows police pursuits under only limited circumstances. One of those circumstances is that the pursuing officer had "probable cause to believe that the person being pursued possesses a deadly weapon used in the commission of a crime, other than the vehicle itself." Here, the fleeing car was carjacked at gunpoint, and so this was a justified pursuit even under the City's restrictive pursuit directive. A gun was recovered at the accident/crime scene.

One of the occupants of the stolen vehicle, Donte Womack, as result of this incident, later pled guilty to assault by vehicle, conspiracy to rob a motor vehicle, REAP, fleeing or attempting to elude officer, criminal mischief, robbery of a motor vehicle, and possession of a firearm by a minor.

**The City has already produced all body worn camera and radio recordings that relate to this incident in its possession. The City has also already produced the police records that relate to this incident.**

**2. A summary of any pending motions, including the relief sought, a brief overview of the parties' arguments, citation any controlling legal authorities, and whether any motion has the potential to entirely resolve the case, or to substantially narrow the claims, defenses, or other areas of dispute between the parties such that resolution of any motions may obviate the need for trial.**

**There are several critical contested motions currently pending before the Court that have essentially caused the case to come to a standstill**. Specifically, as explained in more detail below, in the Motion to Compel Arbitration (ECF 28 and ECF 49), defendant, Uber, takes the position that the case against Uber should be dismissed and proceed to arbitration and that Uber should not be compelled to produce any discovery responses or responsive documents until a ruling is made upon the same. Hence, Defendant, Uber, has filed a Motion for Protective Order addressing the same (ECF 29 and ECF 54). To date, no discovery responses have been produced by defendant, Uber, and accordingly, no depositions have taken place. The motions pending before the court include:

- Motion to Compel Arbitration filed by Defendant, Uber on May 26, 2026 (ECF 28);
- Motion for Protective Order filed by Defendant, Uber, on May 27, 2026 (ECF 29);
- Motion to Compel Discovery directed to Defendant, Uber, filed by Plaintiff on June 5, 2026 (ECF 30)
- Second Motion to Compel Arbitration filed by Defendant, Uber, on July 6, 2026 (ECF 49);
- Motion to Compel Discovery directed to Uber filed by Plaintiff on July 22, 2026 (ECF 53);
- Second Motion for Protective Order filed by Defendant, Uber, on July 22, 2026 (ECF 54);
- Motion to Dismiss for Failure to State a Claim filed by Defendants, Police Officer Anthony Washington, Police Officer Gregorio Santana, and Police Officer Jerome Jackson, on August 20, 2026 (ECF 57)

**Brief Description and Background on Pending Motions**:

On May 26, 2026, defendant, Uber, filed a Motion to Compel Arbitration. Thereafter, Plaintiff learned that the high-speed police chase at issue was carried out by three (3) City of Philadelphia Police Officers, being Officer Anthony Washington, Officer Gregorio Santana, and Officer Jerome Jackson. Upon learning of this information, on June 16, 2026, all parties signed a Joint Stipulation (ECF No. 38) allowing Plaintiff to file an Amended Complaint with the Court to add the aforesaid individual police officers as defendants. Thereafter, on June 22, 2026, Plaintiff filed an Amended Complaint (ECF 43). Defendant, Uber, filed their Answer to Plaintiff's Amended Complaint on July 6, 2026 (ECF 48).

On June 26, 2026, Judge John Milton Younge entered an (ECF 41) stating that: "1. The motion The motion to compel arbitration (ECF No. 28) is DENIED AS MOOT. Uber may refile its motion to compel arbitration insofar as it is deemed relevant following Plaintiff's filing of the amended complaint; 2. All discovery directed to Uber is STAYED pending Uber's filing of an answer to should it choose to file one." Accordingly, this Order did not provide a ruling on any of the outstanding Motions.

After the Amended Complaint was filed, on July 6, 2026, defendant, Uber, filed a Second Motion to Compel Arbitration (ECF 49) and Second Motion for Protective Order (ECF 54), both of which Plaintiff opposed (ECF 50 and 55). **Before any rulings were made on the Motions to Compel Arbitration and Motions for Protective Order, on September 2, 2026, an Order was entered (ECF 59) providing that "this case is reassigned from District Judge John M. Younge to District Judge Antonio M. Pozos for all further proceedings." To date, no rulings have been made as to the two (2) Motions to Compel Arbitration, two (2) Motions for Protective Order or Motion to Compel discovery directed to Uber**.

Regarding the pending Motion to Compel Arbitration and Second Motion to Compel Arbitration (ECF 28 and ECF 49) Defendant, Uber, argues that there was an enforceable contract between Uber and Plaintiff, Junoh Kim, by virtue of Uber's "Terms of Service." Plaintiff argues, in opposition, that Plaintiff did not provide the clear and knowing assent required to form a valid agreement to arbitrate under Pennsylvania law, in accordance with the recent decision of Duffy v. Tatum, 2026 PA Super 41 (2026) (ECF 31 and ECF 50)

In the Motion for Protective Order, defendant, Uber, argues that the case should be stayed until the pending Motion to Compel Arbitration is ruled upon. Plaintiff argues, in opposition, that the pending Motion to Compel Arbitration does not excuse Uber from their discovery obligations and deadlines (ECF 32 and ECF 55).

In the Motion to Compel Discovery, Plaintiff argues that defendant, Uber, should be compelled to produce the outstanding answers to interrogatories and request for production of documents originally served to them on April 7, 2026.

In the Motion to Dismiss, defendants, Police Officer Anthony Washington, Police Officer Gregorio Santana, and Police Officer Jerome Jackson, argue that Plaintiff's Amended Complaint is not sufficient pursuant to Rule 12(b)(6) (failure to state a claim) as to the Fourteenth Amendment state created danger claim in connection with the police pursuit, and that they are entitled to qualified immunity under § 1983 (ECF 57). Plaintiff argues, in opposition, that Plaintiff's Amended Complaint set forth numerous specific factual allegations in support of the claims pled against defendants, Police Officer Anthony Washington, Police Officer Gregorio Santana, and Police Officer Jerome Jackson, which this Honorable Court must accept as true and view in the light most favorable to the plaintiff pursuant to the Rule 12(b)(6) standard, and that said defendants are not entitled to qualified immunity under § 1983 and, at the very least, is premature given that such a decision relies upon facts not yet in evidence (ECF 58 and ECF 62). This Motion has also not yet been ruled upon.

Due to the pending motions, the parties have been unable to conduct the necessary written discovery and take the necessary numerous depositions of all interested parties and witnesses. Accordingly, as explained in more detail below, the parties respectfully request additional time regarding the same.

**3. Whether the parties anticipate filing further pretrial motions, including the nature of the anticipated motions, and any discovery or other proceedings that must be completed before such motions are filed**.

Plaintiff does not anticipate filing further motions at this time. Uber reserves its right to pursue dispositive pre-trial motions pending disposition of the pending Motion to Compel Arbitration and Motion for Protective Order.

**4. The status of discovery, including whether document discovery, written discovery, depositions, and/or any expert discovery have been completed and, if not, when the parties anticipate that such discovery will be completed. If there are discovery disputes that require the Court's attention, briefly summarize the nature of the dispute, including the subject matter of the disputed discovery, the type and volume of discovery implicated by the dispute, and the nature of the objections posed to the discovery sought (e.g., privilege, undue burden and expense, etc.)**.

**A. <u>From Plaintiff, Junoh Kim</u>**

Partial written discovery has been exchanged between the plaintiff and defendants, Crutchfield and the City of Philadelphia. To date, no discovery responses have been produced by defendant, Uber. Plaintiff filed a Motion to Compel regarding the same. In response thereto, defendant, Uber, takes the position that discovery is stayed pursuant to applicable legal authority and Judge Younge's Order of June 18, 2026 until a ruling is made on Uber's Motions to Compel Arbitration. Given the absence of this critical discovery and documentation and Uber's position on a stay of discovery, no depositions have been able to be scheduled and/or move forward.

All parties are in agreement that extensive discovery and depositions are necessary in connection with liability, causation and damages. In addition to the depositions of the parties and their representatives/designees, there are numerous fact witnesses, of whom the parties are currently aware, who may need to be deposed including, but not limited to, the following:

- Police Officer Edgardo Bernard (investigating officer);
- Antoinne Patton (driver who was arrested for vehicle theft and fleeing the scene);
- Jayden Holder (passenger in the stolen vehicle being driven by Antoinne Patton);
- Jubri Johnron (passenger in the stolen vehicle being driven by Antoinne Patton);
- Lynette Davis (owner of the vehicle stolen by Antoinne Patton);
- Jo Carlo (driving of other vehicle struck by Antoinne Patton during the pursuit);
- Ivellys Toros (passenger in Jo Carlo's vehicle);
- All police officers involved in the chase/pursuit; and
- All police officers and/or employees of the Philadelphia Police Department who communicated with the police officers involved in the chase/pursuit.

Plaintiff anticipates requiring several expert reports including, but not limited to, the following: (1) Police Practices Expert; (2) Accident Reconstructionist; (3) Neurosurgeon; (4) Orthopedic Surgeon; (5) Physiatrist; (6) Psychologist; (7) Life care planner; (8) Vocational Expert; and (9) Economist.

Given the exorbitant amount of medical care and assistance needed as a result of his accident-related injuries, plaintiff, Junoh Kim, withdrew from New York University, Leonard N. Stern School of Business (where he was studying finance) and moved back home to South Korea where he was admitted to a rehabilitation facility on a long-term basis.

Plaintiff intended to return to the United States and re-enroll at New York University this semester with hopes of attending classes in person with accommodations. He was scheduled to return to the United States in August 2026 and, resultantly, prevented Plaintiff's deposition (if requested in person) and medical examinations to take place (both plaintiff and defense). However, Plaintiff, who is still residing in South Korea, has encountered significant administrative issues with his Visa which has prohibited him from returning to the U.S. as originally planned. These issues have delayed his return to the U.S. and deferred his readmission to NYU. Plaintiff is working diligently and doing everything he can (within his control) to straighten out the issues with his Visa so that he may return to the U.S. as soon as possible. It is plaintiff's understanding and belief that the earliest timeframe in which he will be able to return to the U.S. is not until the end of December 2026 or early 2027. Plaintiff's inability to reenter the U.S., as aforesaid, is yet another factor for providing the parties with additional time in order to complete discovery and submit expert reports.

**B. <u>From Defendant, Kassan Crutchfield</u>**

Defendant, Kassan Crutchfield, anticipates requiring the following experts: (1) Accident Reconstructionist; (2) Conspicuity and/or Human Factors Expert; (3) Life Care Planner; (4) Vocational Expert; (5) Physiatrist; and (6) Economist. As for a discovery end date, that may depend on the results of pending motions that are in front of the court.

**C. <u>From Defendants, Uber Technologies, Inc. d/b/a Uber, and Defendant, Portier, LLC</u>**

Defendants, Uber Technologies, Inc. d/b/a Uber, and Portier, LLC, anticipates requiring the following experts: (1) Accident Reconstructionist; (2) Neurosurgeon; (3) Neurologist; (4) Orthopedic Surgeon; (5) Rehab specialist; (6) Life care expert; (7) Economic expert; (8) Vocational expert; and (9) Expert on Uber practices/TNC.

**D. <u>From Defendant, City of Philadelphia</u>**

Defendant, City, anticipates requiring the following experts: (1) Accident Reconstructionist; (2) Conspicuity and/or Human Factors Expert; (3) Life Care Planner; (4) Vocational Expert; (5) Physiatrist; (6) Economist; and (7) Police Practice Expert.

**5. Whether the parties have engaged in settlement discussions, the status of those discussions, and whether the parties believe that the case would benefit from referral to the Magistrate Judge for a settlement conference**.

No meaningful settlement discussions have transpired. The parties agree that a Settlement Conference with a Magistrate Judge may be helpful to resolve this matter if both sides cannot reach an agreement through an informal process. With regard to Uber, Uber requires a ruling on the pending Motion to Compel Arbitration and Motion for Protective Order before agreeing to participate in settlement discussions in order to ensure its efforts to enforce arbitration are not waived by virtue of such participation.

6. **Whether the matter is eligible for arbitration under Local Civil Rule 53.2, and, if so, whether the parties request to proceed via arbitration.**

This matter is not eligible to arbitration pursuant to Local Civil Rule 53.2 as the amount in controversy exceeds $150,000.

7. **Any other issues that the parties believe it would be important to bring to the Court's attention.**

None at this time.

8. **Where the parties disagree on an item to be included in the Joint Status Report, or take a different position on an item, the parties may state their positions separately and identify their respective positions as such.**

All of the parties' positions are set forth in the instant Joint Status Report as well as the Motions that are currently pending before this Honorable Court.

9. **The parties shall meet and confer before filing the Joint Status Report, either in person or by video conference, and shall discuss the contents of the report, and the parties' respective positions, in an attempt to narrow or resolve any outstanding areas of disagreement prior to filing the Joint Status Report. The Joint Status Report must specify the length of the conference, identify the parties and/or counsel (including lead counsel) that participated in the conference, note whether the conference was conducted in person or via video conference, and state whether the parties were able to resolve any areas of disagreement.**

Counsel for all parties attended a video conference via Zoom to discuss the instant Joint Status Report on September 24, 2026. The conference lasted for approximately thirty (30) minutes. Counsel also conferred via email for purposes of drafting and finalizing the Joint Status Report.

The following counsel were present at the conference: Ryan M. Cohen, Esquire and Tracy D. Schwartz, Esquire for Plaintiff, Junoh Kim; Greg Mallon, Esquire for defendant, Kassan Crutchfield; Derek Kane, Esquire for defendant, City of Philadelphia; and Joseph Gallo, Esquire for defendant, Uber.

Given that the areas of disagreement among the parties involve substantive, legal and procedural issues which are the subject of the Motions pending before this Honorable Court, no areas of disagreement were able to be resolved during the conference.

During the Zoom conference, counsel discussed various deadlines for the case. Given the unique procedural posture, facts and circumstances which have prevented discovery from proceeding, as aforesaid, the parties believe that there are compelling reasons for more than 120 days for discovery. The parties hereby respectfully request that factual discovery be completed by **March 25, 2027** (i.e. 180 days from the due date for the instant Joint Status Report), with subsequent deadlines consistent with the approximate dates/intervals set forth in the Scheduling Order of April 29, 2026. In this regard, the parties agreed to the following deadlines during the Zoom conference:

- All fact discovery shall be completed by **March 25, 2027**.
- The parties shall produce their expert reports by **April 25, 2027**; rebuttal expert report(s) shall be produced by **May 19, 2027**; all expert discovery, including depositions of expert witnesses, shall be completed by **June 21, 2027**.
- All motions for summary judgment and *Daubert* motions shall be filed by **July 12, 2027**. Responses to such motions shall be filed no later than **August 12, 2027**.
- A Final Pretrial Conference will be held on or about **November 10, 2027**.

Respectfully submitted,

SALTZ MONGELUZZI BENDESKY

BY: *Robert N. Braker /s/*
ROBERT N. BRAKER, ESQUIRE
RYAN M. COHEN, ESQUIRE
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 575-2985
rbraker@smbb.com
rcohen@smbb.com
*Attorneys for Plaintiff, Junoh Kim*

Dated: 9/25/2026

Respectfully submitted,

ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER & TODDY, P.C.

BY: *Greg Mallon /s/*
GREG MALLON, ESQUIRE
KEVIN M. ELLIS, ESQUIRE
2005 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 569-2800
kellis@zarwin.com
gmallon@zarwin.com
*Attorneys for Defendant, Kassan Crutchfield*

Dated: 9/25/2026

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

BY: *Joseph Gallo /s/*
JOHN T. DONOVAN, ESQUIRE
ANDREW SHAW, ESQUIRE
JOSEPH GALLO, ESQUIRE
2001 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 627-6900
john.donovan@wilsonelser.com
andrew.shaw@wilsonelser.com
joe.gallo@wilsonelser.com
*Attorneys for Defendants, Uber & Portier, LLC*

Dated: 9/25/2026

Respectfully submitted,

CITY OF PHILADELPHA LAW DEPARTMENT

BY: *Derek Kane /s/*
DEREK KANE, ESQUIRE
Senior Attorney
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 686-5374
derek.kane@phila.gov
*Attorney for Defendant, City of Philadelphia*

Dated: 9/25/2026